KOHN, EXRX., APPELLANT, *v.* KOHN ET AL., APPELLEES.

(Decided February 3, 1941.)

*Messrs. Ritter & Dougherty,* for appellant.
*Messrs. Fraser, Shumaker, Effler & Winn* and *Mr. Charles W. Davis,* for appellees.

LLOYD, J. This is an appeal on questions of law by Lucy B. Kohn, executrix of the estate of Samuel Kohn, from a judgment of the Probate Court dismissing her third amended petition filed therein. In this amended petition she asks for an order of sale of the real estate of her deceased husband to pay the debts of his estate.

Mr. Kohn died on January 2, 1927. His will was filed for probate on January 10, 1927. His widow elected to take under the will, which gave to her all of his property, and on January 11th she qualified as

executrix without bond. The action to sell real estate to pay debts was commenced on January 20, 1931, and was submitted to and decided by the Probate Court on the third amended petition of the executrix and the answers thereto of the several defendants. The basis of the finding and judgment of the Probate Court was that the land-sale petition was not filed within the time limited therefor by Section 10509-159, General Code.

Under powers of attorney given by Mrs. Kohn to her son Ralph, he proceeded to obtain loans, securing them by mortgage on the decedent's real estate. Among them was a loan of $45,000, procured from The Penn Mutual Life Insurance Company, which has been paid. Mrs. Kohn conveyed all of the real estate of the decedent, of which she was the sole devisee, to the Kohn Estates, Inc., organized for that purpose. Thereafter, on August 29, 1931, Kohn Estates, Inc., mortgaged a business property, known as the Weber Block, to Albert Ruedy for $68,250, and the property was thereupon conveyed to a trustee, the terms of the trust being that upon failure of the mortgagor corporation to pay the interest on the loan, taxes, insurance, etc., the trustee was empowered to convey the property to the mortgagee. Thereafter, because of noncompliance by the mortgagor with the terms of the trust, the property was conveyed on October 6, 1934, to Ruedy, the mortgagee.

On August 28, 1929, Jacob Kohn recovered a judgment against the executrix of the Kohn estate in the sum of $1,761.02 in an action commenced in the Court of Common Pleas on September 13, 1927. This judgment remained unpaid until September 4, 1930, when it was compromised by the payment of a lesser amount from the proceeds of the Ruedy loan.

The foregoing facts are all that are necessary to state in the consideration and determination of the question presented on this appeal. The sole question is whether the land-sale petition filed in the Probate

Court was filed therein within the time provided by Section 10509-159, General Code, formerly Section 10774-1, General Code, it being contended by appellees that the time of the pendency of the Jacob Kohn suit did not extend the limitation of time within which suit might be brought by the executrix to sell the real estate of the decedent to pay debts of his estate.

So far as here pertinent, this statute provides that: "* * * no real estate of a deceased person which shall have been aliened or encumbered by the decedent's heirs or devisees after the issue of letters testamentary or of administration, shall be liable while in the hands of a *bona fide* purchaser for value or to the prejudice of a *bona fide* lessee or encumbrancer for value for debts of a deceased person unless suit be brought to subject such real estate to the payment of such debts prior to the settlement of the executor's or administrator's final account or what purports to be his final account; provided, that if such final account is not filed and settled within four years after the granting of letters testamentary or of administration, but excluding for the purposes hereof the time that any action is pending against the executors or administrators for the establishment or collection of any claim against the deceased person, such real estate so aliened as aforesaid, shall not be liable for the debts of the deceased person unless suit be brought to subject such real estate thereto within such four-year period, but the heir or devisee aliening such real estate shall be liable for the value thereof, with legal interest from the time of alienation, to the creditors of the deceased person, in the manner and within the limitations provided for by law."

If the period of time during which the Jacob Kohn action was pending is excluded from the statutory four-year period, which otherwise expired on January 10, 1931, then the action of the executrix to subject the

real estate to the payment of debts of the estate was brought within the limitation.

Those acquiring real estate of the decedent through loans to or by purchase from Mrs. Kohn, devisee under the will, or Kohn Estates, Inc., which was in fact Mrs. Kohn, were bound to know the progress made in the administration of the estate, the pendency of whatever actions there might be against the executrix, and of the statutes relating thereto.

Section 10509-159, General Code, seems clearly worded and unambiguous in intendment. Without restriction or qualification, it provides that "such real estate so aliened as aforesaid, shall not be liable for the *debts* of the deceased person unless," etc. (Italics ours.)

It is therefore the judgment of this court that the purpose of the statute is not merely to protect the lien of an unpaid creditor who has an action pending against the executor or administrator, but, under the conditions enumerated therein, to exclude the time of the pendency of any such action from the four-year statutory period, that is, to extend to that extent the time within which an action may be commenced to subject the real estate to the payment of debts.

The objection is now made by appellees, apparently for the first time, that the third amended petition does not state a cause of action because it fails to allege definitely "that the personal assets in the estate at the time of death were not sufficient to pay the debts," the allegation therein being only "that there are no personal assets and effects of said decedent now remaining in the hands of plaintiff." The contention is that the statutory authorization to sell real estate to pay debts of the decedent's estate is in derogation of the common law and that since the executrix did not comply with Section 10774, General Code (since repealed, now Sections 10510-2 and 10510-9, General Code), the grantees of Mrs. Kohn obtained title to the

real estate free from this condition. Regardless of the propriety of the contentions thus advanced, the evidence shows that there were debts and obligations of Mr. Kohn at the time of his decease, to satisfy which necessitated the sale of the real estate, and these objections, not having been made prior to the trial in the Probate Court, can not now be effectively made here.

That Section 10509-159, General Code, is a statute of limitations seems obvious and, being such, it must be pleaded by a defendant desiring to take advantage thereof. None of the answers to the third amended petition of the executrix, except that of The Probst-Haskell Realty Company, pleaded the statute as a defense to the action commenced by Mrs. Kohn as executrix. In its answer, The Probst-Haskell Realty Company pleaded that a judgment obtained against Kohn Estates, Inc., was "a lien upon all the interest of Kohn Estates, Inc., in the real estate owned by it at that time," but it is not represented on this appeal, nor is it named or in any way referred to in the judgment entry from which the appeal is taken. There seems to be no difference in purport and effect between this statute and other statutes of limitation. The wording is "unless suit be brought * * * within such four-year period."

The instant case was tried on the issues joined on the third amended petition of Lucy B. Kohn, executrix, and the answers of the several defendants thereto, and those, not pleading the statute, can not, if it were applicable, claim the benefit thereof.

Our conclusion is that the judgment of the Probate Court must be reversed and the cause remanded thereto for further proceedings according to law.

*Judgment reversed and cause remanded.*

CARPENTER and OVERMYER, JJ., concur.